UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>                Plaintiff,<br>   v.<br><br>NATALIE GREEN, et al.,<br><br>                Defendants. | CASE NO. 2:24-cv-01088-TL<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

This case arises from Plaintiff Myriam Zayas's claims regarding the removal of her children into foster care. This matter is before the Court on its own motion. Having reviewed Plaintiff's Complaint (Dkt. No. 5), the Court finds that Plaintiff fails to state a claim upon which relief may be granted and therefore DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint with leave to file an amended complaint.

On July 23, 2024, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 1. Plaintiff's application for IFP status was granted, but U.S. Magistrate

Judge Michelle L. Peterson recommended review under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 4. Plaintiff's Complaint was subsequently filed on the docket. Dkt. No. 5.

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court must dismiss a case if the IFP Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff must provide sufficient factual details in the complaint to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where a plaintiff proceeds *pro se* (without and attorney), courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not supply essential elements of the [*pro se*] claim that were not initially pled." *E.g.*, *Henderson v. Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

Here, Plaintiff's Complaint lacks sufficient factual detail to plausibly state a claim. Plaintiff specifically asserts federal question jurisdiction under 42 U.S.C. § 1983, which allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the

ORDER OF DISMISSAL WITH LEAVE TO AMEND - 2

Constitution and [federal laws]." Plaintiff claims, without providing any supporting details, that she is entitled to damages for mental and emotional distress because her children were removed into foster care and she is forced to attend visitation. Dkt. No. 5 at 5. However, Plaintiff does not provide factual details as to what children were removed into foster care, when that removal occurred, or what administrative remedies she sought regarding the issue. *See generally* Dkt. No. 5. Further, Plaintiff does not allege any factual details as to Defendants' alleged violations of her constitutional rights by forcing Plaintiff to "speak or associate with" Defendants, or as to her allegations that Defendants unfairly discriminate against minorities of Ukrainian and Russian descent. *See id.* at 4–5. Without additional factual details, Plaintiff's conclusory statements are insufficient to state a claim for relief.

To state a plausible claim for relief in federal court, a Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* Here, all Plaintiff offers are conclusory statements to support threadbare, and substantively incomplete, recitals of some elements of her claims. The Court, therefore, FINDS that Plaintiff fails to state a plausible claim for relief under 42 U.S.C. § 1983. For this reason, the Court must dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Courts typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court therefore DISMISSES without prejudice Plaintiff's Complaint. However, the Court GRANTS Plaintiff leave to file an amended complaint in this case that sufficiently "pleads factual content," *Iqbal*, 556 U.S. at 672, to state a plausible claim for relief by **no later than October 16, 2024**. If Plaintiff fails to file an amended

ORDER OF DISMISSAL WITH LEAVE TO AMEND - 3

complaint by the deadline or if the amended complaint fails to state a plausible claim for relief, the Court will dismiss this case in its entirety.

Dated this 16th day of September 2024.

Tana Lin
United States District Judge

ORDER OF DISMISSAL WITH LEAVE TO AMEND - 4